IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:17-CV-329-D

| | | |
|---|---|---|
| ADAN LOPEZ, FRANCISCO MENDEZ, EZEQUIEL ABURTO-HERNANDEZ, ELENA RAFAEL-PERALTA, JOSE PABLO SANDOVAL-MONTALVO, and JOSE JIMENEZ-OLIVAREZ, ALEJANDRO MARTINEZ-MENDEZ, on behalf of themselves and other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> HAM FARMS, LLC, f/k/a HAM FARMS, INC., HAM PRODUCE, LLC f/k/a HAM PRODUCE COMPANY, INC., ISMAEL PACHECO, PACHECHO CONTRACTORS, INC., HUGO MARTINEZ, GUTIERREZ HARVESTING, LLC, ROBERTO TORRES-LOPEZ, 5 G HARVESTING, LLC, RODRIGO GUTIERREZ-TAPIA, SR., and CIRILA GARCIA-PINEDA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |

This matter is before the clerk on the plaintiffs' applications for entry of default against defendants Cirila Garcia-Pineda [DE-28], Ismael Pacheco [DE-29], Pacheco Contractors, Inc. [DE-30], Roberto Torres-Lopez [DE-31], and Hugo Martinez [DE-42]. For the reasons stated below, the applications as to Cirila Garcia-Pineda [DE-28], Ismael Pacheco [DE-29]; Roberto Torres-Lopez [DE-31], and Hugo Martinez [DE-42] are GRANTED and the application as to Pacheco Contractors, Inc. [DE-30] is DENIED.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, plaintiffs have filed proof of personal service in accordance with Federal Rule of Civil Procedure 4(e)(2)(A) as to the following defendants: Cirila Garcia-Pineda [DE-20], Ismael Pacheco [DE-17], and Hugo Martinez [DE-32]. Plaintiffs also have filed proof of service in accordance with Federal Rule of Civil Procedure 4(e)(2)(B) upon defendant Roberto Torres-Lopez [DE-15]. All of these defendants have failed to please or otherwise defend in this action, and accordingly DEFAULT is entered against defendants Cirila Garcia-Pineda, Ismael Pacheco, Hugo Martinez, and Roberto Torres-Lopez pursuant to Rule 55(a).

The clerk may not, however, enter default as to defendant Pacheco Contractors, Inc. because plaintiffs have failed to show by affidavit or otherwise that this defendant was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Plaintiffs allege defendant Pacheco Contractors, Inc. is a corporation organized under the laws of the State of North Carolina. Proper service may be effected on a corporation under Federal Rule of Civil Procedure 4(h) by delivering a copy of the summons and of the complaint, to an

2

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). In this case, plaintiffs filed proof of service wherein the server state he "personally served the summons on the individual . . . ." [DE-16-1]. This is insufficient to show service under Fed. R. Civ. P. 4(h)(1), because it does not show that an officer, a managing or general agent, or another authorized agent was served on Pacheco Contractors, Inc.'s behalf. Plaintiffs may filed a renewed motion for entry of default, supported by proof of proper service on defendant Pacheco Contractors Inc., within 30 days of entry of this order. If necessary, plaintiffs may file a motion to extend the time period to effect service under Rule 4(m) and for the reissuance of summons.

SO ORDERED. This the 22 day of December, 2017.

Peter A. Moore, Jr.
Clerk of Court

3