IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-329-D

ADAN LOPEZ, FRANCISCO MENDEZ, EZEQUIEL )
ABURTO-HERNANDEZ, ELENA RAFAEL-PERALTA, )
JOSÉ PABLO SANDOVAL-MONTALVO, and JOSÉ )
JIMENEZ-OLIVAREZ, and ALEJANDRO MARTINEZ-)
MENDEZ, on behalf of themselves and )
other similarly situated persons, )
)
Plaintiffs, )
)
v. )
)
HAM FARMS, LLC f/k/a HAM FARMS, INC., )
HAM PRODUCE, LLC f/k/a HAM PRODUCE )
COMPANY, INC., ISMAEL PACHECO, PACHECO )
CONTRACTORS, INC., HUGO MARTINEZ, )
GUTIERREZ HARVESTING, LLC, ROBERTO )
TORRES-LOPEZ, 5 G HARVESTING, LLC, )
RODRIGO GUTIERREZ-TAPIA, SR., and )
CIRILA GARCIA-PINEDA, )
)
Defendants. )
_____)

**CONSENT PROTECTIVE ORDER REGARDING EARLY MEDIATION**

The parties have agreed to mediate their dispute in the near future, as outlined in the Rule 26(f) Report and Discovery Plan. To facilitate settlement, the parties have agreed to an informal exchange of documents prior to the mediation (the "Mediation Documents"). The parties have agreed to the entry of this Consent Protective Order to protect against disclosure of the Mediation Documents.

Therefore, it appearing to the Court there is good cause to enter an order to protect certain Mediation Documents:

IT IS HEREBY ORDERED that the Parties shall be governed by the following terms and conditions in connection with the production of Mediation Documents.

**A.    Scope of Protective Order**

1.    This Order and any amendments or modifications hereto ("Protective Order") shall govern the production of Mediation Documents.

   a.    This Protective Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such Mediation Documents.

   b.    The Mediation Documents are being produced prior to and potentially over the course of early mediation between the parties to be held in the near future.

   c.    If the mediation is not conducted or is cancelled, the Mediation Documents will not be produced to opposing counsel or, if already produced to opposing counsel, shall be promptly returned (along with all copies) to the Producing Party.

d. Unless otherwise agreed in writing by the producing party or producing parties, if mediation is successful, counsel shall return all Mediation Documents (along with any copies) to the Producing Party. Without limiting the reasons for which retention of the Mediation Documents may be needed, the parties acknowledge that the receiving party or parties may need to temporarily retain certain documents for purposes related to implementation of a settlement, including but not limited to, issues related to certification of a settlement class or determination of compensation due individual class members.

e. If the mediation is not successful, receiving counsel shall return the Mediation Documents (along with all copies) within five (5) days of impasse to the Producing Party, unless the producing party or parties have otherwise agreed in writing.

**B.  Definitions**

1. "Party" means any named plaintiff or defendant in this action, including plaintiff's or defendant's counsel of record.

2. "Producing Party": a Party that produces Mediation Documents in this action.

3. "CONFIDENTIAL" shall mean Mediation Documents, furnished prior to or as part of early mediation, regarded by

3

the Producing Party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential and private information concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings. "Documents" shall not, however, include attorney work product.

4. "ATTORNEYS' EYES ONLY Information" shall mean CONFIDENTIAL Information that a party reasonably and in good faith believes is so sensitive that it should not be made available to other parties or their employees and is designated "ATTORNEYS' EYES ONLY" pursuant to the procedures set forth below. CONFIDENTIAL Information that is designated ATTORNEYS' EYES ONLY Information shall also be deemed designated CONFIDENTIAL.

### C. Confidentiality

1. Mediation Documents, specifically including those designated as Confidential or Attorney Eyes Only, shall be used solely for this litigation and the preparation for mediation in

this case and not for any other purpose whatsoever, including without limitation any other litigation, labor organizing, or any business or competitive purpose or function. Mediation Documents shall not be distributed, disclosed, or made available to anyone except as authorized in this Protective Order.

2. Mediation Documents must be stored and maintained at a location and in a secure manner that ensures access is limited to the persons authorized under the Protective Order.

**D. Procedure for Designating Materials**

1. A Producing Party may designate Mediation Documents as "CONFIDENTIAL" or as "ATTORNEY EYES ONLY" that the Producing Party reasonably and in good faith believes meets the definitions set forth in paragraph B. The designation of information as "CONFIDENTIAL" and "ATTORNEY EYES ONLY" for purposes of this Protective Order shall be made in the following manner and shall further be consistent with any applicable Local Rule of the United States District Court for the Eastern District of North Carolina:

2. By affixing the legend "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to Mediation Documents containing any confidential information at the time such materials are produced, or as soon thereafter as the Party seeking protection becomes aware of the

confidential nature of the information disclosed and sought to be protected hereunder.

3. Before disclosing Mediation Documents designated as ATTORNEY EYES ONLY or CONFIDENTIAL to a bona fide expert or bona fide consultant pursuant to this subsection, the following procedures shall be employed:

a. Counsel shall: (i) notify, in writing by either e-mail or overnight delivery or fax, counsel for the Producing Party designating the Information CONFIDENTIAL or ATTORNEY EYES ONLY of their desire to disclose such CONFIDENTIAL or ATTORNEY EYES ONLY Information to a bona fide expert or bona fide consultant; (ii) obtain a written declaration, in the form attached hereto as Exhibit A, from each such expert or consultant; and (iii) provide to counsel for the Producing Party a copy of that declaration.

b. If no objection to such disclosure is made by the designating party within two business days of receipt of such notification and declaration, counsel shall be free to make such disclosure to the designated expert or consultant, who shall be bound by the signed declaration.

4. All Information that is designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order shall be kept confidential and shall not be given, shown, made available,

discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Mediation Documents under the terms of this Protective Order. CONFIDENTIAL or ATTORNEY EYES ONLY Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose, including but not limited to labor organizing.

5. In no case shall Information designated CONFIDENTIAL or ATTORNEY EYES ONLY be disclosed to any person or entity who competes directly or indirectly with Defendant or any labor organization, including its officers, current or former representatives, employees or agents. All parties to this Consent Protective Order understand that the Law Office of Robert J. Willis, P.A. and its sole attorney, Robert J. Willis, are presently, have been and will continue to be General Counsel for the Farm Labor Organizing Committee, AFL-CIO (hereinafter referred to as "FLOC"), and that the status of the Law Office of Robert J. Willis, P.A. and its sole attorney, Robert J. Willis, as General Counsel for FLOC will in no way disqualify the Law Office of Robert J. Willis, P.A. and its sole attorney, Robert J. Willis, from the receipt, review, and/or use of all information or documents that are produced pursuant to this Consent Protective Order solely in the capacity of plaintiffs'

co-counsel in this litigation and in no other capacity, and that he will not use or disclose any information produced pursuant to this Agreement, including Confidential Information, to or for the benefit of third-parties, including FLOC as well as its officers or employees.

6. If, through inadvertence, a party produces a CONFIDENTIAL or ATTORNEY EYES ONLY Mediation Document without designating it as CONFIDENTIAL or ATTORNEY EYES ONLY, the Producing Party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEY EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL or ATTORNEY EYES ONLY Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the Producing Party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

7. This Order shall not prevent any party from applying to the Court for relief from it, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court. In the event that any such application

is made, the producing party shall have the burden of proof to demonstrate good cause under Rule 26(c) of the Federal Rules of Civil Procedure for the designation and continued maintenance of any particular document, discovery, and/or information as CONFIDENTIAL or ATTORNEY EYES ONLY.

8. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to

Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

9. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

10. Unless otherwise ordered by the Court, or permitted in writing by the Producing Party, CONFIDENTIAL Material may be disclosed only to the following:

    a. Counsel of Record;

    b. To the named Plaintiffs or Defendants, all of whom must also abide by this order;

    c. Bona fide experts or bona fide consultants of the Receiving Party to whom disclosure is reasonably necessary for

this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A;

    d.    the designated mediator who is assigned to mediate this matter, and his or her staff;

    e.    services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B; and

**E.**    **Disclosure**

1. Unless otherwise ordered by the Court, or permitted in writing by the Producing Party, ATTORNEY EYES ONLY material may be disclosed only to the following:

    a.    Counsel of Record;

    b    the Court and Court personnel;

    c.    the designated mediator who is assigned to mediate this matter, and his or her staff;

    d.    services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B;

    e.    professional Vendors to which disclosure is

reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B.

2. Nothing within this paragraph or this Order permits disclosure of ATTORNEY EYES ONLY material to any non-party.

**F.  Effect of Production**

1. This Protective Order is entered solely for the purpose of facilitating an early mediation between the parties to this action. By consenting to this Protective Order and participating in mediation, no Party releases or waives its rights (including but not limited to the right to object to the production of documents during the course of discovery), claims, or defenses, including those related to a motion to disqualify counsel.

**G.  Subpoena of Discovery Material in Another Action**

1. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Mediation Documents by someone other than that Party, the Party shall give written notice within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party and shall object to its production until either the original producing party

consents or the Court orders production of all or some of the Mediation Documents.

**H.   Miscellaneous**

1.   Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the Party, the Producing Party, or counsel for either against whom such waiver will be effective.

2.   Should any dispute or issue arise concerning the scope or application of this Protective Order or the nature and extent of the documents or information to be supplied by any party pursuant to this Protective Order as part of their agreement to participate in early mediation in this action, the parties shall seek the assistance of the mediator appointed to this case to work with the parties to resolve any such disputes in any manner that the parties and the mediator deem appropriate. If those efforts fail, and only to the extent that any such dispute concerns the scope or application of this Protective Order, the parties will, within ten (10) calendar days of the date on which the efforts pursuant to this paragraph to resolve any dispute concerning the scope or application of this Protective Order have failed, request review by the U.S. District Court for the Eastern District of North Carolina, which will be responsible for the interpretation and enforcement of the scope

or application of this Protective Order, but not as to the nature and extent of the documents or information to be voluntarily supplied by any party pursuant to this Protective Order. Every individual who receives any Mediation Documents agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order. By engaging in voluntary, informal discovery, the parties are not waiving, and hereby preserve, the ability to seek formal discovery pursuant to the Federal Rules of Civil Procedure if the mediation is not successful, including but not limited to the ability to: 1) assert objections to the production or admissibility of documents, including documents that were produced during the informal discovery period; 2) seek to compel the production of documents, including documents that were requested but not produced during the informal discovery period; and 3) serve discovery requests that seek documents that were previously produced during the informal discovery period.

The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms

shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

SO ORDERED. This __1__ day of May 2018.

_____
JAMES C. DEVER III
Chief United States District Judge

**EXHIBIT A**

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is ____ _____, and my employer is _____.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____
_____

5. I have attached the following information:

    A. a current resume describing my education and employment history to date;

    B. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will

16

be reviewed.

6. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Adan Lopez, et al. v. Ham Farms, LLC f/k/a Ham Farms, Inc.*, Case No. 5:17-cv-329-D, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

7. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

9. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____ day of _____, _____.

_____
Signature

**EXHIBIT B**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present occupation or job description is _____;

3. I agree to keep confidential all information provided to me in the matters of *Adan Lopez, et al. v. Ham Farms, LLC f/k/a Ham Farms, Inc.*, Case No. 5:17-cv-329-D, which case is pending in the United States District Court for the Eastern District of North Carolina, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

4. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

5. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____

_____
[printed name]

19

_____
[signature]