IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-329-D

| | |
|---|---|
| ADAN LOPEZ, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| HAM FARMS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

On May 31, 2018, Adan Lopez ("Lopez"), Alejandro Martinez-Mendez ("Martinez-Mendez"), Francisco Mendez ("Mendez"), Jose Jimenez-Olivarez ("Jimenez-Olivarez"), Ezequiel Aburto-Hernandez ("Aburto-Hernandez"), Elena Rafael-Peralta ("Rafael-Peralta"), José Pablo Sandoval-Montalvo ("Sandoval-Montalvo"), Isaias Espinosa-Vazquez ("Espinosa-Vazquez"), Francisco Palacios-Hernandez ("Palacios-Hernandez"), and Humberto De La Luz Armenta ("De La Luz Armenta") (collectively "plaintiffs") filed an amended complaint [D.E. 77]. The amended complaint, which is 106 pages long, alleges several claims against 5 G Harvesting, LLC ("5 G Harvesting"); Cirila Garcia-Pineda ("Garcia-Pineda"); Gutierrez Harvesting, LLC ("Gutierrez Harvesting"); Ham Farms, LLC ("Ham Farms"); Ham Produce, LLC ("Ham Produce"); Hugo Martinez ("Martinez"); Ismael Pacheco ("Pacheco"); Pacheco Contractors, Inc. ("Pacheco Contractors"); Roberto Torres-Lopez ("Torres-Lopez"); Bladimir Moreno ("Moreno"); Los Villatoros Harvesting, LLC ("Los Villatoros Harvesting"); and Rodrigo Gutierrez-Tapia, Sr. ("Gutierrez-Tapia") (collectively "defendants"). See Am. Compl. [D.E. 77] ¶ 1. On June 14, 2018, several defendants moved to dismiss the amended complaint, or in the alternative, for a more definite statement [D.E. 79, 81, 83]. Defendants Ham Farms, Ham Produce, and Hugo Martinez filed

memoranda in support [D.E. 80, 82]. On July 5, 2018, plaintiffs responded in opposition [D.E. 86]. On July 19, 2018, Ham Farms and Ham Produce replied [D.E. 90]. As explained below, the court denies the motions to dismiss.

I.

Ham Farms and Ham Produce are a farming business that operates in and around Greene County, North Carolina. See Am. Compl. [D.E. 77] ¶¶ 6, 12, 16. Plaintiffs are farm workers from Mexico who worked seasonally for that business during the fall months of 2015, 2016, and 2017. See id. ¶¶ 1, 8–11B, 28–31. Specifically, plaintiffs worked in a sweet potato house that Ham Farms and Ham Produce own and operate. See id. ¶ 18. The work included planting, harvesting, packing, and operating equipment. Id. ¶ 36. The remaining defendants are various farm labor contractors who provide migrant farm workers, including plaintiffs, to Ham Farms and Ham Produce for seasonal work. See id. ¶¶ 19–30.

Plaintiffs allege several claims on behalf of themselves and putative classes composed of similarly-situated migrant farm workers. See id. ¶¶ 50–79. First, Aburto-Hernandez, on behalf of himself and at least twenty other migrant farm workers, asserts a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against Ham Produce and Hugo Martinez for failure to pay overtime wages. See Am. Compl. [D.E. 77] ¶¶ 11, 50–53, 81–82, 109–11. Second, all named plaintiffs, on behalf of themselves and the proposed classes under Rule 23, assert a claim against all defendants under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq., for failure to pay wages. See id. ¶¶ 54–55, 81–83, 90, 92, 94–95, 97, 99–100, 105–08, 112–14. Third, plaintiffs Rafael-Peralta, Jimenez-Olivares, Espinosa-Vazquez, De La Luz Armenta, Palacios Hernandez, and Sandoval-Montalvo assert a "clearance order contract" claim under 20 C.F.R. § 655.122(q) against defendants Ham Farms, Torres-Lopez, Gutierrez, Gutierrez

Harvesting, 5 G Harvesting, Moreno, and Los Villatoros Harvesting for failure to pay wages and failure to pay inbound travel expenses. See id. ¶¶ 62–63, 83–90, 92, 94–95, 97, 99–100, 105–08, 115–18. Fourth, Lopez, Mendez, Aburto-Hernandez, and Martinez-Mendez assert claims on behalf of themselves and the proposed classes against Ham Farms, Ham Produce, Torres-Lopez, Pacheco, Martinez, and Garcia-Pineda for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq. See id. ¶¶ 70–71, 80–86, 89–90, 96–97, 101–04, 119–22. Finally, Rafael-Peralta, Espinosa-Vazquez, De La Luz Armenta, Jimenez-Olivarez, Sandoval-Montalvo, and Palacios-Hernandez assert collective action claims under 29 U.S.C. § 206(a) and Arriaga v. Fla. Pac. Farms, LLC, 305 F.3d 1228 (2002), against defendants Ham Farms, Torres-Lopez, Pacheco Contractors, 5 G Harvesting, Gutierrez Harvesting, Rodrigo Guetierrez-Tapia, Moreno, and Los Villatoros Harvesting, LLC, for shifting inbound transportation expenses to the plaintiffs. See id. ¶¶ 76–78, 106–07, 123–25.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences,

3

unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

A legally sufficient complaint must meet the standards of Federal Rule of Civil Procedure 8. See Francis, 588 F.3d at 192. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) exists to ensure that defendants have adequate notice of the nature of the claims against them. See, e.g., Francis, 588 F.3d at 192.

The "proper length and level of clarity" for a complaint cannot be defined with clarity and is generally a matter within the district court's discretion. Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (quotation omitted). In considering dismissal on this basis, courts consider the length and complexity of a complaint, whether a complaint is clear enough to enable a defendant to defend itself, and whether the plaintiff is proceeding pro se. See Sewraz v. Long, 407 F. App'x 718, 718–19 (4th Cir. 2011) (per curiam) (unpublished); cf. U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003); Kittay v. Kornstein, 230 F.3d 531, 542 (2d Cir. 2000); Elliott v. Bronson, 872 F.2d 20, 21–22 (2d Cir. 1989) (per curiam). A court may dismiss a complaint that is needlessly long or complex. See, e.g., Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017) (collecting cases); Parkridge 6 LLC v. U.S. Dep't of Transp., No. 1:09cv1312, 2010 WL 1404421,

at *1 (E.D. Va. Apr. 6, 2010) (unpublished); S. Volkswagen, Inc. v. Centrix Fin., LLC, 357 F. Supp. 2d 837, 841 (D. Md. 2005); Hammel v. State Farm Mut. Ins. Co., 114 F. Supp. 2d 478, 481–82 (W.D.N.C. 2000), aff'd, 6 F. App'x 169 (4th Cir. 2001) (per curiam) (unpublished).

The amended complaint is not a model of clarity and is needlessly long, but it does not violate the Federal Rules of Civil Procedure. Cf. Plumhoff, 286 F. Supp. 3d at 702 (noting that a "district court is not obliged to ferret through a [c]omplaint, searching for viable claims."). The amended complaint "clearly delineates" claims as to each defendant, which permits defendants to respond to plaintiffs' factual and legal allegations. Sewraz, 407 F. App'x at 719.

II.

In sum, the court DENIES defendants's motions to dismiss [D.E. 79, 81, 83].

SO ORDERED. This 15 day of January 2019.

JAMES C. DEVER III
United States District Judge