IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ADAN LOPEZ, FRANCISCO MENDEZ, EZEQUIEL ABURTO-HERNANDEZ, ELENA RAFAEL-PERALTA, JOSÉ PABLO SANDOVAL-MONTALVO, JOSÉ JIMENEZ-OLIVAREZ, ALEJANDRO MARTINEZ-MENDEZ FRANCISCO PALACIOS-HERNANDEZ, HUMBERTO DE LA LUZ ARMENTA, and ISAIAS ESPINOSA-VAZQUEZ, on behalf of themselves and other similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> HAM FARMS, LLC f/k/a HAM FARMS, INC., HAM PRODUCE, LLC f/k/a HAM PRODUCE COMPANY, INC., ISMAEL PACHECO, PACHECO CONTRACTORS, INC., HUGO MARTINEZ, GUTIERREZ HARVESTING, LLC, ROBERTO TORRES-LOPEZ, 5 G HARVESTING, LLC, RODRIGO GUTIERREZ-TAPIA, SR., CIRILA GARCIA-PINEDA, BLADIMIR MORENO, and LOS VILLATOROS HARVESTING, LLC, <br><br> Defendants. | COLLECTIVE ACTION 6(b) <br><br> CLASS ACTION <br><br> Civil Action No.: <br> 5:17-CV-00329-D |

## SUPPLEMENTAL CONSENT PROTECTIVE ORDER REGARDING CLASS NOTICE AND SELECTION OF THIRD PARTY ADMINISTRATOR

The parties to this Supplemental Consent Protective Order – Plaintiffs; Ham Farms, LLC and Ham Produce LLC; and Gutierrez Harvesting, LLC, 5 G Harvesting, LLC, and Rodrigo Gutierrez-Tapia, Sr. – have settled all claims in this case through Mediated Settlement Agreements but continue to negotiate the terms and conditions of Class Notice and selection of a Third Party Claims Administrator (hereinafter "TPCA"). To further facilitate those negotiations, the Parties have agreed to the entry of this

1

Supplemental Consent Protective Order (hereinafter "Supplemental Order") regarding Class Notice and selection of a TPCA. The Parties stipulate as follows:

1. The Parties participated in mediation on December 18, 2019.

2. Plaintiffs and Ham Farms Defendants entered into a Mediated Settlement Agreement on December 19, 2019. Plaintiffs and the Gutierrez Defendants entered into a Mediated Settlement Agreement on March 27, 2019. The Parties agree these Mediated Settlement Agreements are legally binding and resolved all substantive issues in the litigation between Plaintiffs and Defendants. The Parties have not, however, reached an agreement on the proposed method, form, and process of Class Notice and the selection of the TPCA, pursuant to Federal Rules of Civil Procedure 23(c)(2)(B), 23(d)(1)(B)(i), 23(d)(1)(E), and Rule 23(e)(1)(B).

3. On March 12, 2020, the Plaintiffs filed a Motion for Status Conference [DE 105] related to the outstanding issue of Class Notice and the TPCA. On April 2, 2020, the Parties participated in a telephonic conference with the Honorable Robert Numbers. With the guidance of Magistrate Judge Numbers, the Parties agreed to negotiate and submit to the Court for its consideration a proposed order to protect the documents and information that the defendants will provide to the plaintiffs to allow the parties to both negotiate and, if necessary, present to the Court their respective positions as to the appropriate methods by which notice to the class can and should be provided that information. The Parties acknowledge that an additional exchange of information

related to available documents may facilitate negotiations relating to the method of Class Notice.

4. The Parties acknowledge the Consent Protective Order Regarding Early Mediation (hereinafter "Consent Protective Order"), entered on May 1, 2018 [DE 73], and the Parties agree they continue to be bound by the provisions set forth in the Consent Protective Order, except as otherwise stated herein.

5. The Parties have agreed to the entry of this Supplemental Order to further protect against disclosure of documents to be exchanged or any use of the information except for the express purposes as set forth herein.

6. The express purpose for the exchange and return of the identified documents is to determine the appropriate method(s) of Class Notice and to identify a proposed TPCA(s) for submission to the Court.

Therefore, it appears to the Court there is good cause to enter this Supplemental Order to protect certain documents, and accordingly:

IT IS HEREBY ORDERED that the Parties shall continue to be governed by the terms and conditions of the Consent Protective Order, except as otherwise supplemented herein,

**A.** **<u>Scope of Supplemental Order</u>**

1. This Supplemental Order and any amendments or modification hereto shall govern the confidentiality of the production of documents pursuant to this Order, subject to modifications by future Orders.

a. For the same time period specified in ¶A.1. above, this Supplemental Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such information contained in the identified documents.

b. The documents are being produced prior to and potentially over the course of negotiating the proper method(s) of Class Notice and selection of a proposed TPCA(s).

c. Unless otherwise agreed in writing by the producing party or producing parties, counsel shall return and not retain all documents and copies produced pursuant to this Supplemental Order to the Producing Party within 15 days of the filing of a joint motion for preliminary approval of the settlement with the Court.

2. For the Gutierrez Defendants: In order to obtain key information for the sole purpose of resolving the best notice that is practicable under the circumstances, the method(s) and procedure for Class Notice, and to identify an appropriate TPCA for submission to the Court, and subject to the terms of this Supplemental Order, the Gutierrez Defendants shall within 15 days of the entry of this Supplemental Order electronically deliver to all Plaintiffs' Counsel of Record via either email, Box, or access

to a virtual reading room information (to the extent it exists) in the possession, custody or control of one or more of the Gutierrez Defendants that shows identifying and contact information, including but not limited to full names, United States and/or Mexico addresses, cellphone numbers, landline phone numbers, email addresses and/or Whats App numbers of any worker who performed services on behalf of the Gutierrez Defendants on any property owned or leased by the Ham Farms Defendants from April 30 2015 through December 2017.

3. For the Ham Farm Defendants: In order to obtain key information for the sole purpose of resolving the best notice that is practicable under the circumstances practical method(s) and procedure for Class Notice and to identify an appropriate TPCA for submission to the Court, and subject to the terms of this Supplemental Order, the Ham Farm Defendants shall within 15 days of the entry of this Supplemental Order deliver to all Plaintiffs' Counsel of Record via email, information in their possession, custody or control that shows identifying and contact information, including but not limited to full names, United States and/or Mexico addresses, cellphone numbers, landline telephone numbers, email addresses and/or Whats App numbers of any worker who performed services on behalf of any of the following labor contractors on any property owned or leased by the Ham Farms Defendants from June 30, 2014 through December 2017, organized by labor contractor:

(1) Ismael Pacheco

5

(2) Pacheco Contractors, Inc.

(3) Hugo Martinez

(4) Lucia Covarrubias

(5) Marisa Garcia Pineda

(6) Cirila Garcia Pineda

(7) Bladimir Moreno

(8) Los Villatoros Harvesting, LLC

(9) Robert Torres-Lopez

(10)  Jose Rivera Harvesting, Inc.

**B.**   **Definitions**

The Parties stipulate that the Definitions outlined in the Consent Protective Order apply to the Parties' continued negotiations regarding Class Notice and the TPCA, including the definition of "Confidential" or "Attorney Eyes Only" information. In addition to those definitions, the Parties add the following definitions:

1. "Gutierrez Defendants" shall mean Defendant Rodrigo Gutierrez-Tapia, Sr., Defendant Gutierrez Harvesting, LLC, and/or Defendant 5 G Harvesting, LLC who acting jointly, severally, or in any possible combination, have the practical ability to request or obtain documents or information from, including but not limited to José Javier Gutierrez-Tapia d/b/a Florida Orange Gold, LLC, 4512 Mason Dixon Ave., Bowling Green, FL 33834, or any individual or entity who assists or assisted the

6

Gutierrez Defendants or José Javier Gutierrez-Tapia d/b/a Florida Orange Gold, LLC in the recruitment or furnishing of H-2A workers.

2.  "Ham Farm Defendants" shall mean Defendant Ham Farms, LLC f/k/a Ham Farms, Inc., and Defendant Ham Produce, LLC f/k/a Ham Produce Company, Inc., acting jointly, severally, or in any combination.

## C. <u>Confidentiality</u>

1.  Documents produced pursuant to this Supplemental Order, specifically including those designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," shall be used solely for the purpose of assisting the Parties and the Court to determine the best notice that is practicable under the circumstances and to identify for submission to the Court a suitable TPCA and for no other use or purpose whatsoever, including without limitation any other known, unknown, potential or anticipated litigation, labor organization efforts, or any business or competitive purpose or function. The documents produced pursuant to this Supplemental Order shall not be distributed, disclosed, or made available outside of Counsel of Record, a TPCA that has been approved by all Parties or the Court (such as Kilpatrick or other mutually agreeable TPCAs), and the ten (10) persons named as individual plaintiffs in this action (a) who shall review the information only in their Counsel's office or a virtual reading room, but may not retain the information and (b) who shall sign a written acknowledgement confirming that each is bound by this Order and who shall only have access to

7

information produced by or related to any person or entity or real party in interest who performed any farm labor contracting activity on Ham Farms property with respect to that individual plaintiff, including furnishing, supervising, and/or working with that individual plaintiff, as authorized in this Supplemental Order. Nothing in this Order prohibits any Party from providing summary information (consisting of data related to the number, general location, and type of contact information available for class members) to a prospective TPCA before they have been selected or approved for the purpose of preparing a budget or proposal by such TCPA.

2. Documents produced pursuant to this Supplemental Order must be stored or maintained at a location and in a secure manner that ensures access is limited to Counsel who have filed notices of appearance in this action, TPCA(s) (such as Kilpatrick or other mutually agreeable TPCAs who shall sign a written acknowledgement confirming that it is bound by this Order ), and the ten (10) persons named as individual plaintiffs in this action (who shall sign a written acknowledgement confirming that each is bound by this Order and who shall only have access to information produced by or related to the any person or entity or real party in interest who performed any farm labor contracting activity on Ham Farms property with respect to that individual plaintiff, including furnishing, supervising, and/or working with that individual plaintiff).

3. At the conclusion of this lawsuit, all documents and all copies produced pursuant to this Supplemental Order shall not be retained and shall be promptly returned to the Producing Party without copying or in any way retaining the identity, contact information, including address or telephone numbers of any potential Class Member.

4. No Party (as opposed to the Court-approved TCPA) shall use the information subject to this Supplemental Protective Order to contact or attempt to contact any purported or potential class member, unless authorized by the Court in a subsequent Order.

**D.  Procedure for Designating Materials**

1. A Producing Party may designate documents produced pursuant to this Supplemental Order as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" that the Producing Party reasonably and in good faith believes meets the definitions set forth in paragraph B of the Consent Protective Order. The designation of information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" for purposes of this Supplemental Order shall be made in the following manner and shall further be consistent with any applicable Local Rules of the United States District Court for the Eastern District of North Carolina. Notwithstanding this provision, the parties agree that this provision shall not be construed to deny the ten (10) named plaintiffs (who shall sign a written acknowledgement confirming that each is bound by this Order and who shall only have

9

Case 5:17-cv-00329-D   Document 118   Filed 04/21/20   Page 9 of 19

access to information produced by or related to any person or entity or real party in interest who performed any farm labor contracting activity on Ham Farms property with respect to that individual plaintiff, including furnishing, supervising, and/or working with that individual plaintiff) the same right of access to relevant documents and information produced pursuant to this Supplemental Order as their Counsel of Record.

2. By affixing the legend "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to documents produced pursuant to this Supplemental Order containing any confidential information at the time such materials are produced, or as soon thereafter as the Party seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. Alternatively, in the case of documents produced in electronic format and for any other tangible items: by affixing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in a prominent place on the exterior of the container or containers, or electronic media (including but not limited to CD or DVD), in which the information is stored.

3. All information that is designated as CONFIDENTIAL or ATTORNEY EYES ONLY under this Supplemental Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the documents under the terms of this Supplemental Order. CONFIDENTIAL or

ATTORNEY EYES ONLY information received by any authorized person shall be used only for purposes of attempting to reach an agreement on Class Notice and selection of a TPCA in this litigation and for no other purpose.

4.  Any Information designated CONFIDENTIAL OR ATTORNEY EYES ONLY shall not be disclosed to any person or entity who competes directly or indirectly with Defendants nor any labor organization, including Farm Labor Organizing Committee (FLOC), Legal Aid, Student Action with Farmworkers (SAF), North Carolina Growers Association (NCGA) nor any other non-profit or for profit that provides any type of assistance to the H2A or migrant or seasonal agricultural worker (MSAW) community of workers.

All Parties to this Supplemental Order understand that the Law Office of Robert J. Willis, P.A. and its sole attorney, Robert J. Willis, are presently, have been and will continue to be General Counsel for the Farm Labor Organizing Committee, AFL-CIO ("FLOC"), and that the status of the Law Office of Robert J. Willis, P.A, and its sole attorney Robert J. Willis as General Counsel for FLOC will in no way disqualify the Law Office of Robert J. Willis, P.A. and its sole attorney Robert J. Willis, from the receipt, review, and/or use of all information or documents that are produced pursuant to this Supplemental Order solely in the capacity of Plaintiffs' co-counsel in this litigation and in no other capacity, and that he will not use or disclose any information produced pursuant to this Supplemental Order for the benefit of third-parties, including FLOC,

Legal Aid, SAF, NC Growers Association or any other non-profit or for profit that provides any type of assistance to the H2A or MSAW community of workers except as may be authorized by the Court.

5. If, through inadvertence, a party produces a CONFIDENTIAL or ATTORNEY EYES ONLY document without designating it as CONFIDENTIAL or ATTORNEY EYES ONLY, the Producing Party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEY EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL or ATTORNEY EYES ONLY Information under this Supplemental Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the Producing Party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Supplemental Order.

6. This Supplemental Order shall not prevent any party from applying to the Court for relief from it, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Supplemental Order, subject to the approval of the Court. In the event that any such application is made, the producing party shall have the burden of proof to demonstrate good cause under the Rules 23(c)-(e) and Rule 26(c) of the Federal Rules of Civil Procedure for the

designation and continued maintenance of any particular document, discovery, and/or information as CONFIDENTIAL or ATTORNEY EYES ONLY.

7. Before filing any information that has been designated CONFIDENTIAL or ATTORNEY EYES ONLY with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court. However, within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a motion to seal and supporting memoranda of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such motion to seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the motion to seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted

under seal in accordance with this paragraph will remain under seal in accordance with this paragraph will remain under seal pending the Court's ruling  If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Supplemental Order.

9. Unless otherwise permitted by the Court, a Receiving Party is not permitted to photocopy any documents produced pursuant to this Supplemental Order,

**E.** **Disclosure**

1. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, CONFIDENTIAL Material may be disclosed only to the following:

   a. Counsel of Record;

   b. To the named Plaintiffs or Defendants, all of whom must also abide by this order;

   c. Bona fide experts and bona fide consultants (but not those who are covered by Section D.4) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A (DE 73 at 16-18);

d. the designated mediator who is assigned to hear this matter, and his or her staff;

e. services (but not by those covered by Section D.4) retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in litigation and who have signed the "Agreement To Be Bound By Protective Order" attached as Exhibit B; and

f. nothing within this paragraph or this Supplemental Order permits disclosure of Confidential material to any non-party other than those previously specified, specifically including FLOC or to the NCGA or FLOC's or NCGA's current or former officers, employees or agents.

2. Unless otherwise ordered by the Court or as permitted in writing by the Producing Party, ATTORNEY EYES ONLY material produced pursuant to this Supplemental Order may be disclosed only to the following:

    a. Counsel of Record and

    b. Any TPCA that has been approved by all Parties or selected by the Court (such as Kilpatrick or another mutually agreeable TPCA), but only after such TPCA has signed an "Agreement To Be Bound By Protective Order" attached as Exhibit A.

   c. A Receiving Party is not permitted to photocopy any documents produced pursuant to this Supplemental Order.

**F.**  **Effect of Production**

  1.  This Supplemental Protective Order is entered solely for the purpose of assisting the Parties and the Court to determine the best notice practicable under the circumstances and to identify for submission to the Court a suitable TPCA and for no other purpose whatsoever. By consenting to this Supplemental Order, no Party releases or waives its rights, claims or defenses, including but not limited to the right to object to the production of documents during the course of Class Administration, and the right to assert that production for and/or use of the documents and information produced pursuant to this Supplemental Order by Plaintiffs' Counsel of Record acting as Class Counsel pursuant to Federal Rules of Civil Procedure Rule 23(g), the TPCA, and/or other persons or entities who have agreed or contracted to assist Class Counsel and/or the TPCA in class administration are necessary for Class Counsel in this case to fairly and adequately represent the interests of any class that the Court may certify pursuant to Federal Rules of Civil Procedure Rules 23(e)(1)(B)(ii) and Rule 23(e)(2)(A), and to ensure the effectiveness of any proposed and actual method(s) used to distribute relief to the class, including the method(s) of processing class-member claims under Rule 23(e)(2)(C)(ii), and to ensure that the best notice that is practicable under the

circumstances is used in connection with any communication with members of the class.

**G.      Subpoena of Discovery Material in Another Action**

1.      If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking documents by someone other than that Party, the Party shall give written notice within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party and shall object to its production for a period of time not to exceed twenty (20) days after such Party's receipt of such subpoena at which time the Producing Party shall be solely responsible for seeking such relief from the Court which issued the subpoena duces tecum as the Producing Party may deem appropriate, and be solely responsible for any briefing that may be required by the Court which issued the subpoena duces tecum.

**H.      Miscellaneous**

1.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing or electronically signed by the Party, the Producing Party, or counsel for either against whom such waiver will be effective.

2.      Should any dispute or issue arise concerning the scope or application of this Supplemental Order or the nature and extent of the documents or information to be supplied by any party pursuant to this Supplemental Order as part of their agreement

17

to participate in continued negotiations regarding Class Notice and selection of a TPCA in this action, the Parties shall seek the assistance of Magistrate Judge Robert Numbers who has been appointed to this case to work with the Parties to reach an agreement on proposed terms for Class Notice and selection of a TPCA. If those efforts fail, and only to the extent that any such dispute concerns the scope or application of this Supplemental Order, the Parties shall, within ten (10) days of the date on which the efforts pursuant to this paragraph to resolve any dispute concerning the scope or application of this Supplemental Order have failed, request appropriate action by U.S. Magistrate Judge Robert T. Numbers, II who will be responsible for the interpretation and enforcement of the scope or application of this Supplemental Order. Every individual who receive documents agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Supplemental Order. The Parties are not waiving, and hereby preserve, the ability to seek permission from U.S. Magistrate Judge Robert T. Numbers, II to conduct formal discovery pursuant to the Federal Rules of Civil Procedure if the parties are unable to agree on Class Notice and selection of a TPCA, including but not limited to the ability to assert objections to the production or admissibility of documents.

3. The Parties agree to be bound by the terms of this Supplemental Order pending the entry by the Court of this Supplemental Order, or an alternative thereto

which U.S. Magistrate Judge Robert T. Numbers, II may determine is appropriate to implement the requirements of Federal Rules of Civil Procedure Rule 23(e)(1)(B), and any violation of its terms shall be subject to the same sanctions and penalties, as if this Supplemental Order has been entered by the Court.

Dated: April 21, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge