FILED IN OPEN COURT
ON 5/14/21 2mS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ADAN LOPEZ, FRANCISCO MENDEZ, EZEQUIEL ABURTO-HERNANDEZ, ELENA RAFAEL-PERALTA, JOSÉ PABLO SANDOVAL-MONTALVO, JOSÉ JIMENEZ-OLIVAREZ, ALEJANDRO MARTINEZ-MENDEZ, FRANCISCO PALACIOS-HERNANDEZ, HUMBERTO DE LA LUZ ARMENTA, and ISAIAS ESPINOSA-VAZQUEZ, on behalf of themselves and other similarly situated persons, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | ) COLLECTIVE ACTION ) § 216(b) |
| v. | ) CLASS ACTION ) |
| HAM FARMS, LLC f/k/a HAM FARMS, INC., HAM PRODUCE, LLC f/k/a HAM PRODUCE COMPANY, INC., ISMAEL PACHECO, PACHECO CONTRACTORS, INC., HUGO MARTINEZ, GUTIERREZ HARVESTING, LLC, ROBERTO TORRES-LOPEZ, 5 G HARVESTING, LLC, RODRIGO GUTIERREZ-TAPIA, SR., CIRILA GARCIA-PINEDA, BLADIMIR MORENO, and LOS VILLATOROS HARVESTING, LLC, | ) Civil Action No.: ) 5:17-CV-00329-D ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER GRANTING PLAINTIFFS'**
**UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS AND COLLECTIVE**
**ACTION SETTLEMENT AND MUTUAL RELEASE**

Plaintiffs Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, Elena Rafael-Peralta, Jose Pablo Sandoval-Montalvo, Jose Jimenez-Olivarez, Alejandro Martinez-Mendez, Francisco Palacios-Hernandez, Humberto De La Luz Armenta, Isaias Espinosa-Vazquez now move for final approval of the class and collective action settlement and release of the claims asserted in this case. Plaintiffs have asserted claims on behalf of themselves and all others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); the North

Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.6, 95-25.22 *et seq.*; and the

Migrant and Seasonal Agricultural Worker Protection Act ("MSPA/AWPA"), 29 U.S.C. §§ 1801

*et seq.* Plaintiffs claim that Defendants failed to pay farmworkers the legally required wages for

all hours worked between 2015 and 2017, in violation of the FLSA, NCWHA and

MSPA/AWPA.

Plaintiffs obtained default judgments against all of the defendants named in Plaintiffs'

Amended Complaint, Doc. No. 77, with the exception of: (1) Defendants Ham Farms, LLC, f/k/a

Ham Farms, Inc. ("Ham Farms") and/or Ham Produce, LLC f/k/a Ham Produce Company

("Ham Produce") (Ham Farms and Ham Produce collectively the "Ham Defendants"); (2)

Gutierrez Harvesting, LLC, 5 G Harvesting, LLC, and Rodrigo Gutierrez-Tapia, Sr. (collectively

the "Gutierrez Defendants"); and (3) Hugo Martinez ("Martinez;" together with the Ham

Defendants and the Gutierrez Defendants, the "Defendants"). Doc. Nos. 45, 89, 91, 92

(Plaintiffs and Defendants collectively referred to as the "Parties"). The Named Plaintiffs and

Defendant Martinez negotiated for Defendant Martinez to provide certain documents,

information and a pre-discovery interview with the Named Plaintiffs' attorneys in exchange for

dismissal with prejudice without payment of any settlement funds. Plaintiffs will file a motion

for dismissal with prejudice for the claims made against Defendant Martinez, which the Court

will address through a separate order.

Although discovery had not yet begun in this case, this case has already involved

extensive discovery, motions to dismiss, two full-day mediation sessions, extensive negotiations

resulting in a detailed settlement agreement, and briefing on preliminary approval of the

settlement and class certification for settlement purposes.

2

On July 19, 2018, the parties met with mediator Ken Carlson, an attorney with extensive experience in the mediation of complex wage and hour actions. The parties participated in extensive informal discovery in advance of this mediation session. The parties did not settle the case at that time but continued to negotiate and produce a multitude of records in anticipation of a second mediation session, which was held on December 18-19 and lasted over 16 hours. That second mediation session resulted in the First Mediated Settlement Agreement between Plaintiffs and the Ham Defendants. Doc. No. 121-2.

The Gutierrez Defendants continued settlement negotiations with Plaintiffs through a series of telephone and email conferences. As a result of these continued negotiations, on March 27, 2019, the Named Plaintiffs and the Gutierrez Defendants executed the Second Mediated Settlement Agreement. Doc. No. 121-3.

On September 18, 2020, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Settlement Agreement, Class and Collective Action Certification for Settlement Purposes, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of Settlement Administrator, and Approval of Plaintiffs' Notice of Settlement and Method for Distributing Notice, consistent with the Parties' Stipulation and Settlement Agreement, to (1) provisionally certify the Settlement Classes; (2) appoint Plaintiff's Counsel as Class Counsel; (3) approve the appointment of Simpluris, Inc. as Settlement Administrator; and (4) approve the proposed Notice and Claim Form, as well as the method of distributing the Notices. Doc. Nos. 120, 121, 122.

On September 21, 2020, the Court preliminarily approved, subject to further consideration thereof at the Final Approval Hearing, (1) the Parties' Settlement Agreement and Mutual Release; (2) the proposed Notices and method for distributing the Notices, consistent with the procedures outlined in the Parties' Settlement Agreement and Mutual Release; (3) the

3

appointment of Simpluris, Inc. as the Settlement Administrator. Doc. No. 123. The Court conditionally certified the putative FLSA Collectives pursuant to Section 16(b) of the FLSA and conditionally certified the putative Rule 23 Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only. *Id* at 2-5. Also, consistent with the Parties' Settlement Agreement and Mutual Release, the Court set the deadline of 150 days after the date the Court's Order was entered for members of the Settlement Classes to submit claim forms, opt out of the settlement, or submit an objection. *See id* at 6-7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court scheduled a Final Approval Hearing for March 19, 2021, to determine whether the proposed Settlement Agreement is fair. *Id.* at 14.

On December 18, 2020, Plaintiffs filed a Motion for Extension of Time to Disseminate Class Notice and Postpone the Fairness Hearing. Doc. No. 125. On December 28, 2020, the Court granted this Motion and set the Final Approval Hearing for May 14, 2021. Doc. No. 128.

Having considered Plaintiffs' Unopposed Motion for Final Approval of the Class and Collective Action Settlement and Mutual Release, along with the oral arguments presented at the Final Approval Hearing held on May 14, 2021, and the complete record in this action, for the reasons set forth therein and stated in on the record at the May 14, 2021 Final Approval Hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the certified classes.

2.      The Court hereby grants Plaintiffs' Unopposed Motion for Final Approval of the Class and Collective Action Settlement and Mutual Release and finally approves the settlement

4

as set forth in the Parties' Settlement Agreement and Mutual Release, Doc. No. 121-1 (the "Settlement Agreement).

3. The terms of the Settlement set forth in the parties' Settlement Agreement, Doc. No. 121-1, are hereby approved. After holding a Final Approval Hearing on May 14, 2021, the Court finds that the Settlement Agreement is fair and adequate, and a reasonable and equitable compromise of the claims in this case; that the Settlement Agreement is the result of extensive, arm's-length bargaining between the parties, after Plaintiffs' Counsel had investigated the class claims and became familiar with the strengths and weaknesses of the case; that the Settlement Agreement is in the best interest of the Named Plaintiffs and of the classes they have been certified to represent; that the service awards for the Named Plaintiffs is fair and reasonable in recognition of their support in prosecuting this case; and that the Settlement falls within the range of reasonableness and of final approval.

4. Counsel for the Plaintiffs has adequately represented Plaintiff Class Members to date.

5. Neither the Settlement Agreement, nor this Order, nor the fact of a settlement, are an admission or concession by the Defendants of any liability or wrongdoing whatsoever.

6. The Court granted preliminary approval of the Settlement and approved Class Notice on September 21, 2020, Doc. No. 123, and the Claims Administrator provided timely notice to the Class. *See* Doc. No. 131-1 (Declaration of Simpluris, Inc.). Plaintiff Class Members have been provided proper and adequate notice of the terms of the Settlement Agreement, as well as the applicable dates and procedure by which to submit any objections. *See* Doc. No. 122-9 (Class Notice). No such objections to the terms of the Settlement Agreement, or the

5

Settlement Agreement's final approval by this Court, have been received from any Plaintiff Class Member.

7. The Notices and their distribution met with all constitutional requirements, including due process.

8. So long as such individual has not timely opted out of the settlement pursuant to the opt-out procedures described in Section 4.4 of the Settlement Agreement, Doc. No. 121-1 at 19-20, the Class Members shall be deemed to have released the Defendants from all claims that they asserted or could have asserted against Defendants in the Lawsuit.

9. The Court confirms its prior Order appointing Simpluris, Inc. as the Claims Administrator in this case, Doc. No. 123, and the duties Simpluris, Inc. was previously ordered to perform therein in conjunction with any order granting final approval to the Settlement in this action.

10. Consistent with the Court's prior Order appointing Simpluris, Inc. as Claims Administrator, Simpluris, Inc. shall determine the total amount of its services and expenses in connection with the administration of the settlement in this action prior to the distribution of any amounts from the Settlement Fund it established in connection with this Settlement.

11. Within thirty (30) calendar days after the Court files this Order, Defendants shall deposit the Settlement Amount ($600,000 from the Ham Defendants and $120,000 from the Gutierrez Defendants) into a Settlement Fund account to be established by Simpluris, Inc.

12. Within fifteen (15) calendar days after the Settlement Amount is deposited into the Settlement Fund, Simpluris, Inc. shall distribute the funds to the Named Plaintiffs and the Class Members who have submitted timely Claim Forms, in accordance with Section 3.2 of the

6

Settlement Agreement describing the individual payments to be paid to the Named Plaintiffs and Class Members. See Doc. No. 121-1 at 10-17.

13.     Pursuant to Section 4.5(a)(iii) of the Settlement Agreement and Mutual Release, Doc. No. 121-1 at 20, and *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court shall continue to have jurisdiction over the construction, interpretation, implementation and enforcement of this Settlement Agreement and over the administration of the Settlement for a period no less than ninety (90) days after the date this Order is issued and/or after the claims administration process has ended, whichever date is later, to allow any party to move to enforce any term of the Settlement. On the expiration of that date, this action is automatically dismissed with prejudice.

SO ORDERED.

This the 14 day of May 2021.

THE HONORABLE JAMES C. DEVER III
U.S. District Court Judge

7